**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Michael Devaughn Johnson, | No. CV-15-01499-PHX-ROS |
| Petitioner, | **ORDER** |
| v. | |
| Joseph M Arpaio, et al., | |
| Respondents. | |

Petitioner filed a Petition for Writ of Habeas Corpus on August 3, 2015.  (Doc. 1.)  Petitioner's Amended Petition for Writ of Habeas Corpus raised three grounds for relief: (1) Petitioner was denied a fair trial when the number of jurors was reduced during trial in violation of his right to a fair jury trial; (2) Petitioner is actually innocent in light of newly discovered evidence; and (3) Petitioner was arrested without probable cause in violation of the Fourth Amendment.  (Doc. 5 at 6-8.)  Petitioner subsequently moved to voluntarily strike the second and third grounds for relief.  (Doc. 16 at 1.)

On August 18, 2016, Magistrate Judge Michelle H. Burns issued a Report and Recommendation ("R&R") recommending this Court (1) grant Petitioner's motion to strike the second and third grounds for relief (Doc. 16) in light of Petitioner's submissions and the procedural status of these two grounds; (2) deny with prejudice Petitioner's first ground for relief based on procedural default; and (3) deny a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal.  (Doc. 21 at 16.)  On August 29, 2016, Petitioner objected to the Magistrate Judge's R&R with regard to

1  Petitioner's first ground for relief.  (Doc. 23.)

2    A district judge "may accept, reject, or modify, in whole or in part, the findings or

3  recommendations made by the magistrate judge."  28 U.S.C. § 636(b).  Where any party

4  has filed timely objections to the R&R, the district court's review of the part objected to

5  must be *de novo*.  *Id.*  Here, Petitioner timely objected to the Magistrate Judge's R&R

6  with regard to Petitioner's first ground for relief.  (*See* Doc. 23.)  After reviewing the

7  record, the R&R, and the Petitioner's objections, the Court will adopt the R&R and

8  supplement the R&R with the following discussion related to Petitioner's objections.

9  **I. DISCUSSION.**

10    A state prisoner must exhaust his remedies in state court before petitioning for a

11  writ of habeas corpus in federal court.  28 U.S.C. § 2254(b)(1), (c).  Proper exhaustion

12  requires a petitioner to have fairly presented to the state court the exact federal claim by

13  describing the factual allegations and the federal legal theory upon which his habeas

14  claim is based.  *See Picard v. Connor*, 404 U.S. 270, 275-78 (1971); *Duncan v. Henry*,

15  513 U.S. 364, 365-66 (1995) ("If state courts are to be given the opportunity to correct

16  alleged violations of prisoner's federal rights, they must surely be alerted to the fact that

17  the prisoners are asserting claims under the United States Constitution.").  In the Ninth

18  Circuit, "[i]f a petitioner fails to alert the state court to the fact that he is raising a federal

19  constitutional claim, his federal claim is unexhausted regard[]less of its similarity to the

20  issues raised in state court."  *Casey v. Moore*, 386 F.3d 896, 914 (9th Cir. 2004) (citing

21  *Johnson v. Zenon*, 88 F.3d 828, 830-31 (9th Cir. 1996)); *see also Shumway v. Payne*, 223

22  F.3d 982, 987-88 (9th Cir. 2000) (finding petitioner failed to exhaust her federal claim

23  even though she previously alleged state court claims that arose from the same factual

24  basis upon which she later rested her federal claims because "mere similarity between a

25  claim of state and federal error is insufficient to establish exhaustion").

26    **A. MAGISTRATE JUDGE'S RECOMMENDATION.**

27    After conducting a review of the record, the Magistrate Judge found Petitioner's

28  first ground for relief was not exhausted because "Petitioner failed to raise the claim

1   alleged in Ground One as a federal constitutional claim on direct appeal – and the state

2   courts did not address it as one." (Doc. 21 at 13.)  The R&R also concluded Petitioner

3   failed to establish grounds to excuse the procedural default and never argued a

4   fundamental miscarriage of justice. (*Id.* at 12-14.)

5           **B.**      **PETITIONER'S OBJECTIONS.**

6           Petitioner only objected to the Magistrate Judge's exhaustion holding on two

7   bases. (Doc. 23.)  First, Petitioner believed raising a structural error claim for the

8   reduction of his jury on direct appeal constituted presenting a federal error to the state

9   courts. (*Id.* at 1.)  Second, Petitioner argued he exhausted his claim when he presented to

10   state court a state claim which is identical or functionally identical to a federal claim.

11   (*Id.*)  The Court will address each argument in turn.

12           **1.**      **Petitioner's Structural Error Claim Did Not Constitute**

13                     **Presenting a Federal Structural Error to the State Courts.**

14           "To raise the federal legal theory for purposes of exhaustion, a petitioner must

15   simply characterize a claim as federal in nature, by either referencing specific provisions

16   of the Constitution or citing to federal or state case law analyzing the federal

17   constitutional issue." *Castillo v. McFadden*, 399 F.3d 993, 1005-06 (9th Cir. 2004)

18   (internal citations omitted).  Here, Petitioner's direct appeal and his requests for post-

19   conviction relief do not reference any federal constitutional provisions or federal law to

20   support his structural error argument.  Although Petitioner's objections to the Magistrate

21   Judge's R&R cited to a Supreme Court case to support his argument that depriving him

22   of a verdict by twelve jurors constituted a federal structural error, Petitioner never

23   characterized his claim as federal in nature prior to his habeas petition.  Thus, Petitioner's

24   first basis for arguing he properly exhausted is unconvincing.

25           **2.**      **The State Claim Argument Petitioner Presented to State Court**

26                     **Is Not Identical or Functionally Identical to a Federal Claim.**

27           Petitioner's Amended Petition for Writ of Habeas Corpus stated his first ground

28   for relief as "denial of [P]etitioner[']s right to a fair jury trial in violation of the Sixth

1    Amendment, and the Ariz. Const. Art. II Sec[tion] 23."   (Doc. 5 at 6.)   Although

2    Petitioner alleged in his objections that he raised the violation as a Sixth Amendment

3    issue in addition to a violation under the Arizona state constitution, the record indicates

4    he only raised the issue as a violation under state law.  (Doc 13-3 at 11.)  And in order for

5    Petitioner to have fairly presented his first ground for relief, Petitioner must have raised

6    the exact federal claim.  *See Casey*, 386 F.3d at 914 (citations omitted).

7         Petitioner's objections cited *Peterson v. Lampert* to support the proposition

8    "raising a state claim [which] is functionally identical to a federal claim is sufficient to

9    fairly present a federal claim" but the court in *Peterson* did not reach this holding.  319

10   F.3d 1153, 1160 (9th Cir. 2003) (en banc) ("We need not decide whether, after *Duncan*,

11   citation of an identical or functionally identical state-law claim is sufficient to present a

12   federal claim . . . .").  In fact, the Ninth Circuit found the petitioner in *Peterson* failed to

13   show the standards under state and federal law are more than similar and held the

14   petitioner's "reference to the right to adequate assistance of counsel under the Oregon

15   Constitution did not fairly present his federal claim of ineffective assistance of counsel

16   under the Federal Constitution."  *Id.* at 1161.  The court in *Peterson* did note some

17   circuits previously held (before *Duncan v. Henry*, 513 U.S. 364 (1995)) that presenting a

18   state-law claim which is functionally identical to a federal claim is sufficient to fairly

19   present the federal claim, however, the Ninth Circuit expressly did not adopt this

20   approach in *Peterson*.  *Id.* at 1160 (stating "[t]he Supreme Court in *Duncan* left open the

21   question of what happens when the state and federal standards are not merely similar, but

22   are, rather, identical or functionally identical"); *see also Sanders v. Ryder*, 342 F.3d 991,

23   1000 (9th Cir. 2003) (recognizing "*Peterson* did not decide whether a prisoner may

24   exhaust a federal constitutional claim by referring to a state constitutional right when the

25   contours of the federal and state constitutional rights are identical").  Thus, *Peterson* does

26   not support Petitioner's proposition.

27        The Ninth Circuit's decision in *Sanders* could offer Petitioner a little more

28   support, but even *Sanders* is not dispositive here.  In *Sanders*, the Ninth Circuit

1    distinguished *Peterson* and recognized an ineffective assistance of counsel claim was

2    exhausted when (1) a pro se petitioner relied on federal authority in his briefing and (2)

3    the Washington state courts analyze both the state and federal claims under an identical

4    *Strickland* standard.  *Sanders*, 342 F.3d at 999-1000.  The Ninth Circuit, however, found

5    it significant the petitioner there was pro se on direct appeal and had in fact cited federal

6    authority in one of his briefs in support of his argument.  *Id.* at 999-1001.  Unlike the

7    petitioner in *Sanders*, Petitioner was represented by counsel on appeal to the Arizona

8    Court of Appeals, and Petitioner's briefing did not reference federal authority for his

9    arguments.  "Where [] the citation to the state case has no signal in the text of the brief

10    that the petitioner raises federal claims or relies on state law cases that resolve federal

11    issues, the federal claim is not fairly presented."  *Casey*, 386 F.3d at 912 n.13 (internal

12    citations omitted).  "[W]e cannot assume federal claims were impliedly brought by virtue

13    of the fact that they may be 'essentially the same' as state law claims.  *Id.* at 914.

14         Further, even if the Court were to assume that raising a claim that is identical

15    under state and federal law could satisfy the exhaustion requirement, Petitioner would not

16    have exhausted his state court remedies here because Petitioner failed to show his

17    particular claim would be treated identically under state and federal law.  Petitioner's

18    objections to the R&R argued Article II, Section 23 of the Arizona Constitution (the state

19    constitution's Sixth Amendment analog) "provides substantially the same right to a jury

20    trial as does the Sixth Amendment."  (Doc. 23 at 2) (citing *State v. Ring*, 204 Ariz. 534

21    (Ariz. 2003) and referencing *State v. Carlson*, 202 Ariz. 570 (Ariz. 2002) which

22    interprets defendant's right to trial by an impartial jury under the Arizona Constitution as

23    co-extensive with the Sixth Amendment to the U.S. Constitution).  However, Petitioner

24    must show Arizona courts treat Petitioner's particular claimed violation identically under

25    both the state and federal constitutions.  *Fields v. Waddington*, 401 F.3d 1018, 1022-1023

26    (9th Cir. 2005) (citing *Howell v. Mississippi*, 543 U.S. 440 (2005) (per curiam) and

27    looking to state case law to see whether the state courts have treated a claimed

28    constitutional violation regarding a jury instruction under state law identically to its

1  treatment under the federal Constitution).  Here, Petitioner raised an issue with reducing

2  his jury to less than twelve people when he was tried for a crime which could result in a

3  sentence of over thirty years.  (Doc. 13-3 at 1-27.)  Under the Arizona Constitution,

4  "[j]uries in criminal cases in which a sentence of death or imprisonment for thirty years

5  or more is authorized by law shall consist of twelve persons."  Ariz. Const., art. II, § 23.

6  This protection is only articulated in the Arizona constitution.  *Compare* Ariz. Const., art.

7  II, § 23 *with* U.S. Const. amend. VI.  The federal constitution contains no requirement

8  that criminal juries have 12 members.  *United States v. Brown*, 784 F.3d 1301, 1303 (9th

9  Cir. 2015).  Petitioner only presented arguments regarding the jury size under Arizona

10  state law and, thus, the state claim Petitioner presented to state court cannot be construed

11  as identical to a federal claim.  Therefore, Petitioner's second basis for arguing he

12  exhausted his claim is not convincing.

13       Accordingly,

14       **IT IS ORDERED** the Report and Recommendation (Doc. 21) is **ADOPTED**.

15       **IT IS FURTHER ORDERED** the Petitioner's objections to Magistrate Judge

16  Burn's Report and Recommendation (Doc. 23) are **OVERRULED**.

17       **IT IS FURTHER ORDERED** Petitioner's motion to strike the second and third

18  grounds for relief (Doc. 16) is **GRANTED**.

19       **IT IS FURTHER ORDERED** Petitioner's first ground for relief as stated in his

20  Amended Petition for Writ of Habeas Corpus (Doc. 5) is **DENIED** and **DISMISSED**

21  **WITH PREJUDICE**.

22       **IT IS FURTHER ORDERED** a Certificate of Appealability and leave to proceed

23  *in forma pauperis* on appeal is **DENIED** because the dismissal is justified by a plain

24  procedural bars and jurists of reason would not find the procedural ruling debatable.

25       Dated this 13th day of January, 2017.

26

27       Honorable Roslyn O. Silver

28       Senior United States District Judge